FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT 12 P 1:45
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

U.S. DISTRICT COURT
DISTRICT OF MASS.

MARKEL AMERICAN INSURANCE
COMPANY,

04 - 12144 GAO

Plaintiff,

vs.                                    CASE NO.

MAGISTRATE JUDGE Bowler

RAYMOND FERRONE,

Defendants.

RECEIPT # _____
AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 10/12/04

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance.

2.     Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance delivered by Plaintiff to the insureds named therein, the Defendant RAYMOND FERRONE, residing at 31 Belmont Street, South Easton, Massachusetts 02375.

574983v1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff MARKEL AMERICAN INSURANCE COMPANY, (hereinafter "MARKEL") is a corporation organized and existing under the laws of the state of Illinois, having its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

5. Upon information and belief, the Defendant RAYMOND FERRONE (hereinafter "FERRONE") is a United States citizen and a resident of Massachusetts.

FACTUAL ALLEGATIONS

6. On or about June 20, 2003, the Plaintiff issued to the Defendant FERRONE a policy of marine insurance affording Hull & Machinery in the amount of $105,000.00 for a 2000 37 ft Active Thunder power vessel which was owned by the said Defendant.

7. A true and correct copy of the Declarations Page and policy language for Plaintiff's Policy No. RP2004856 is attached hereto as Exhibit "A."

8. On or about April 25, 2004, while Plaintiff's Policy No. RP2004856 was in full force and effect, the 2000 37 ft Active Thunder power vessel which was insured under the terms of the said policy was involved in an incident that occurred on the navigable waters of the United States in the vicinity of the Miami Cut in Biscayne Bay, in the State of Florida.

9. At the aforesaid time, date and place, while the Defendant FERRONE was operating the 2000 37 ft Active Thunder power Vessel, a fire broke out in the engine compartment of the said vessel insured under Plaintiff's policy of marine insurance.

10. Following the aforesaid incident of April 25, 2004, the Defendant FERRONE has made claim against Plaintiff's marine insurance Policy No. RP2004856, specifically making claim for coverage and for the cost of repairing the damage sustained by the 2000 37 ft Active Thunder power vessel insured under the terms of Plaintiff's said policy.

11. Plaintiff caused a full investigation to be conducted into the facts and circumstances pertaining to the incident of April 25, 2004 and as a result of the said investigation, Plaintiff has determined that no coverage exists for the claim asserted against Policy No. RP2004856 by the Defendant FERRONE.

## FIRST CAUSE OF ACTION

12. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 11 as if set forth fully herein.

13. Plaintiff's Policy No. RP2004856 states, in pertinent part:

### SECTION IX – General Conditions

### Policy Period, Territory

This policy applies to losses which occur during
The policy period and:

A.  When the insured watercraft is afloat, no
    more than 25 miles offshore, and within the
    Navigation limits specified on the Declaration Page.

14. The said Declarations Page for Plaintiff's Policy No. 31017742-0 states, in pertinent part:

> Navigational Limits:
>
> US Coastal waters of the Atlantic Ocean no more than 25 miles off the coast between Eastport, ME and Block Island, RI.

15. As stated, <u>supra</u>, the incident which occurred on or about April 25, 2004 occurred on the navigable waters of the United States in the vicinity of the Miami Cut in Biscayne Bay, in the State of Florida.

16. Under the express and unambiguous terms of Plaintiff's Policy No. RP2004856, Defendant FERRONE was operating the covered watercraft outside the boundaries set forth in the Navigational Limits Warranty as defined in Plaintiff's policy of marine insurance.

17. As a result of the Defendant's breach of the provisions set forth in Plaintiff's Policy No. RP2004856, the said policy does not afford coverage to the Defendant for the damage or loss sustained by the Defendant FERRONE's vessel as a result of the incident of the incident described herein.

18. Notwithstanding the said provision in Plaintiff's policy of marine insurance and the lack of coverage, Defendant has made demand upon Plaintiff for payment and/or indemnity for damages sustained by the 2000 27 ft Active Thunder power vessel.

19. As a result of the aforesaid demands for coverage, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. RP2004856. Until such time as Plaintiff is able to have its rights and

responsibilities under the marine insurance policy construed by the Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

20. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 11 as if set forth fully herein.

22. Plaintiff's Policy No. RP2004856 states, in pertinent part:

## **EXCLUSIONS**

We will not pay for loss, damage or expenses caused:

    A.    By wear and tear, gradual deterioration, corrosion, rust...

23. The post-incident investigation carried out by and on behalf of the Plaintiff established that the incident of April 25, 2004 was caused by wear and tear, gradual deterioration and/or corrosion.

24. As a result of the fact that the incident of April 25, 2004 having been caused by wear and tear, gradual deterioration, corrosion, etc., per the express and unambiguous exclusions set forth in Plaintiff's Policy No. RP2004856, the said policy does not afford coverage to the Defendant for the damage or loss sustained by the Defendant FERRONE's vessel as a result of the incident of the incident described herein.

574983v1

25. Notwithstanding the said provision in Plaintiff's policy of marine insurance and the lack of coverage, Defendant has made demand upon Plaintiff for payment and/or indemnity for damages sustained by the 2000 27 ft Active Thunder power vessel.

26. As a result of the aforesaid demands for coverage, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. RP2004856. Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by the Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

27. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of April 25, 2004.

(B) Declaring that Policy No. RP2004856 does not afford Hull & Machinery coverage to the Defendant for the incident of April, 2004.

C) Declaring that Policy No. RP2004856 excludes Hull & Machinery coverage for the incident of April 25, 2004.

(D)  Declaring that Defendant's breach of warranty voids the Hull & Machinery coverage otherwise afforded under Plaintiff's Policy No. RP2004856.

(E)  Any and all such other and further relief as the Court may deem proper and appropriate in the premises.


Dated: October    , 2004
       Providence, Rhode Island

>                    MARKEL AMERICAN INSURANCE COMPANY
>                    By its Attorneys,
>
>                    _____
>                    Lauren Motola-Davis, # 638561
>                    Michael T. Farley, # 640593
>                    MORRISON MAHONEY LLP
>                    121 South Main Street, Suite 600
>                    Providence, RI 02903-7141
>                    (401) 331-4660    Fax: 621-4660