UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br>  *Plaintiff*<br><br>v.<br><br>RAYMOND FERRONE,<br>  *Defendant* | C.A. NO. 04-12144GAO |

### DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM

### ANSWER

The defendant, Raymond Ferrone, hereby answers the plaintiff's complaint as follows:

### JURISDICTION AND VENUE

Complaint Paragraph No. 1:

This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to contract of marine insurance.

Response to Complaint Paragraph No. 1:

   Paragraph 1 is introductory in nature and therefore no response is required.

Complaint Paragraph No. 2:

Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance delivered by Plaintiff to the insured's named therein, the Defendant RAYMOND FERRONE, residing at 31 Belmont Street, South Easton, Massachusetts 02375.

Response to Complaint Paragraph No. 2:

   Paragraph 2 states a conclusion of law to which no response is required.

Complaint Paragraph No. 3:

This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

Response to Complaint Paragraph No. 3:

Paragraph 3 states a conclusion of law to which no response is required.

Complaint Paragraph No. 4:

Plaintiff MARKEL AMERICAN INSURANCE COMPANY (hereinafter "MARKEL") is a corporation organized and existing under the laws of the state of Illinois, having its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

Response to Complaint Paragraph No. 4:

Admitted.

Complaint Paragraph No. 5:

Upon information and belief, the Defendant RAYMOND FERRONE (hereinafter "FERRONE") is a United States Citizen and a resident of Massachusetts.

Response to Complaint Paragraph No. 5:

Admitted.

## FACTUAL ALLEGATIONS

Complaint Paragraph No. 6:

On or about June 20, 2003, the Plaintiff issued to the Defendant FERRONE a policy of marine insurance affording Hull & Machinery in the amount of $105,000.00 for a 2000 37 ft Active Thunder power vessel which was owned by the said Defendant.

Response to Complaint Paragraph No. 6:

Admitted.

Complaint Paragraph No. 7:

A true and correct copy of the Declarations Page and policy language for Plaintiff's Policy No. RP2004856 is attached hereto as Exhibit "A."

Response to Complaint Paragraph No. 7:

2

Defendant admits that Exhibit A is a true and accurate copy of the Declarations Page of Policy No. RP2004856 (the "Policy") issued at the time the Policy was first issued on June 20, 2003. Defendant denies that the Declarations Page attached as Exhibit A accurately reflects the state of Defendant's coverage as provided by the Policy at the time of the Defendant's loss. Specifically, on or about October 1, 2003, Defendant, through its agent Shenkel Insurance Agency, Inc., arranged with Plaintiff, though its agent Global Marine Insurance Agency ("Global"), to amend the Navigational Limits Warranty of the Policy to include the Atlantic Coastal region extending as far South as Key West, Florida, with an effective date of October 1, 2003. On information and belief, the Navigational Limits Warranty of the Policy was either expressly amended by Global and/or Markel, or, in the alternative, Shenkel's request to amended the Navigational Limits Warranty of the Policy was impliedly granted by Global through Global's failure to respond to Shenkel's repeated requests for this amendment, as requests for amendments of this nature are routinely granted. At the time of the Defendant's loss on April 25, 2004, Defendant's boat was located within the limits established by the amended Navigational Limits Warranty of the Policy.

Complaint Paragraph No. 8:

On or about April 25, 2004, while Plaintiff's Policy No. RP2004856 was in full force and effect, the 2000 37 ft. Active Thunder power vessel which was insured under the terms of the said policy was involved in an incident that occurred on the navigable waters of the United States in the vicinity of the Miami Cut in Biscayne Bay, in the State of Florida.

Response to Complaint Paragraph No. 8

Admitted. Further answering, Defendant states that at the time of the incident the Policy was in effect and its Navigational Limits Warranty had previously been amended as discussed in Defendant's Answer to ¶ 7.

Complaint Paragraph No. 9:

3

At the aforesaid time, date and place, while the Defendant FERRONE was operating the 2000 37 ft. Active Thunder power vessel, a fire broke out in the engine compartment of the said vessel insured under Plaintiff's policy of marine insurance.

Response to Complaint Paragraph No. 9:

    Admitted.

Complaint Paragraph No. 10:

Following the aforesaid incident of April 25, 2004, the Defendant FERRONE has made claim against Plaintiff's marine insurance Policy No. RP2004856, specifically making claim for coverage and for the cost of repairing the damage sustained by the 2000 37 ft. Active Thunder power vessel insured under the terms of Plaintiff's said policy.

Response to Complaint Paragraph No. 10:

    Admitted.

Complaint Paragraph No. 11:

Plaintiff caused a full investigation to be conducted into the facts and circumstances pertaining to the incident of April 25, 2004 and as a result of the said investigation, Plaintiff has determined that no coverage exists for the claim asserted against Policy No. RP2004856 by the Defendant FERRONE.

Response to Complaint Paragraph No. 11:

    Denied. Defendant admits only that Plaintiff denied Defendant's timely claim for

coverage and repair.

FIRST CAUSES OF ACTION

Complaint Paragraph No. 12:

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 11 as if set forth fully herein.

Response to Complaint Paragraph No. 12:

    Defendant incorporates realleges its responses to paragraphs 1-11 of the complaint set

forth above.

Complaint Paragraph No. 13:

Plaintiff's Policy No. RP2004856 states, in pertinent part:

### SECTION IX - General Conditions

#### Policy Period, Territory

This policy applies to losses which occur during the policy period and:

A.   When the insured watercraft is afloat, no more that 25 miles offshore, and within the Navigation limits specified on the Declaration Page.

Response to Complaint Paragraph No. 13:

Admitted.

Complaint Paragraph No. 14:

The said Declarations Page for Plaintiff's Policy No. 31017742-0 states, in pertinent part:

Navigational Limits:

US Coastal waters of the Atlantic Ocean no more than 25 miles off the coast between Eastport, ME and Block Island, RI.

Response to Complaint Paragraph No. 14:

Denied. As set forth in Defendant's response to ¶ 7 above, Defendant admits that Plaintiff has accurately recited the terms of the Navigational Limits Warranty of the Policy at the time it was issued, but denies that these limitations were in effect at the time of Defendant's loss. Rather, the Navigational Limits of the Policy had been amended to include the Atlantic Coastal region extending as far South as Key West, Florida, and Defendant's craft was within these amended limitations at the time of the incident.

Complaint Paragraph No. 15:

As stated, supra, the incident, which occurred on or about April 25, 2004, occurred on the navigable waters of the United States in the vicinity of the Miami Cut in Biscayne Bay, in the State of Florida.

5

Response to Complaint Paragraph No. 15:

    Admitted.

Complaint Paragraph No. 16:

Under the express and unambiguous terms of Plaintiff's Policy No. RP2004856, Defendant FERRONE was operating the covered watercraft outside the boundaries set forth in the Navigational Limits Warranty as defined in Plaintiff's policy of marine insurance.

Response to Complaint Paragraph No. 16:

    Denied.

Complaint Paragraph No. 17:

As a result of the Defendant's breach of the provisions set forth in Plaintiff's Policy No. RP2004856, the said policy does not afford coverage to the Defendant for the damage or loss sustained by the Defendant FERRONE's vessel as a result of the incident described herein.

Response to Complaint Paragraph No. 17:

    Denied.

Complaint Paragraph No. 18:

Notwithstanding the said provision in Plaintiff's policy of marine insurance and the lack of coverage, Defendant has made demand upon Plaintiff for payment and/or indemnity for damages sustained by the 2000 27 ft. Active Thunder power vessel.

Response to Complaint Paragraph No. 18:

    Defendant admits that it has made a demand upon Plaintiff for payment and/or indemnity for damages sustained by the 2000 27 ft. Active Thunder power vessel, and denies all remaining allegations of the paragraph.

Complaint Paragraph No. 19:

As a result of the aforesaid demands for coverage, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. RP2004856. Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by the Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

Response to Complaint Paragraph No. 19

Denied.

Complaint Paragraph No. 20:

As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

Response to Complaint Paragraph No. 20:

Defendant admits that Plaintiff's unjustified refusal to perform under the terms of the Policy has created a real and justiciable issue with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment. Defendant denies the remaining allegations of paragraph 20.

## SECOND CAUSE OF ACTION

Complaint Paragraph No. 21:

Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 11 as if set forth fully herein.

Response to Complaint Paragraph No. 21:

Defendant incorporates and realleges its responses to paragraphs 1-20 of the complaint set forth above.

Complaint Paragraph No. 22:

Plaintiff's Policy No. RP2004856 states in pertinent part:

### EXCLUSIONS

We will not pay for loss, damage or expenses caused:

    A.    By wear and tear, gradual deterioration, corrosion, rust...

Response to Complaint Paragraph No. 22:

Admitted.

Complaint Paragraph No. 23:

The post-incident investigation carried out by and on behalf of the Plaintiff established that the incident of April 25, 2004 was caused by wear and tear, gradual deterioration and/or corrosion.

Response to Complaint Paragraph No. 23:

Defendant admits that one of Plaintiff's stated basis for denying coverage that the accident was caused by wear and tear, gradual deterioration and/or corrosion. Defendant denies that this contention of Plaintiff is correct, and otherwise denies the allegations of this paragraph.

Complaint Paragraph No. 24:

As a result of the fact that the incident of April 25, 2004 having been caused by wear and tear, gradual deterioration, corrosion, etc., per the express sand unambiguous exclusions set forth in Plaintiff's Policy No. RP2004856, the said policy does not afford coverage to the Defendant for the damage or loss sustained by the Defendant FERRONE's vessel as a result of the incident described herein.

Response to Complaint Paragraph No. 24:

Denied.

Complaint Paragraph No. 25:

Notwithstanding the said provision in Plaintiff's policy of marine insurance and the lack of coverage, Defendant has made demand upon Plaintiff for payment and/or indemnity for damages sustained by the 2000 37 ft. Active Thunder power vessel.

Response to Complaint Paragraph No. 25.

Denied.

Complaint Paragraph No. 26:

As a result of the aforesaid demands for coverage, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. RP2004856. Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by the Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

Response to Complaint Paragraph No. 26:

Denied.

Complaint Paragraph No. 27:

As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

Response to Complaint Paragraph No. 27:

Denied.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of collateral estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred as there is no actual, justiciable controversy between the parties.

## COUNTERCLAIM

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 (a) because of the diversity of the subject matter of the parties and involves matters in controversy in excess of $75,000.00 exclusive of interest and costs.

2. Defendant/Plaintiff-In-Counterclaim Raymond Ferrone (hereinafter "Ferrone") is a United States Citizen and a resident of Massachusetts.

3. Plaintiff/Defendant-In-Counterclaim Markel American Insurance Company (hereinafter "Markel") is a corporation organized and existing under the laws of the state of Illinois, having its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

4. Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance delivered by Markel to Ferrone.

## FACTUAL ALLEGATIONS

5. On June 20, 2003, Ferrone submitted a Yacht & High Performance Insurance Application to Shenkel Insurance Agency, Inc., of 1017 Turnpike Street, Canton Massachusetts ("Shenkel"), seeking to insure his 2000 37' Active Thunder water craft.

6. Ferrone's application was accepted and a policy was issued by Markel through Markel's agent Global Marine Insurance Agency ("Global"), and on or about June 20, 2003 Markel issued Ferrone a policy of marine insurance (the "Policy") affording Hull & Machinery in the amount of $105,000.00 for his 2000 37 ft Active Thunder power vessel (the "Vessel").

7. The Policy covers damage to the Vessel for up to $1,000,000 of property damage and had an initial Navigational Limitation of the "U.S. coastal waters of the Atlantic Ocean not

more than 25 miles off the coast between Eastport, ME and Block Island, RI."

8. On or about October 1, 2003, Ferrone arranged through Shenkel to amend the Navigational Limits Warranty of the Policy to include the Atlantic Coastal region extending as far South as Key West, Florida, because Ferrone desired to move the Vessel from Massachusetts to Florida for the winter.

9. This type of amendment to the Navigational Limits Warranty is routinely granted by Markel, without charge, by and through its agent Global.

10. Ferrone was told by representatives of Shenkel that the amendment would be obtained and that he should feel free to transport the Vessel to Florida.

11. On October 3, 2003, Shenkel Underwriting Manager George L. Brown notified Global that the Policy was to be amended to reflect this change of navigation, and that the effective date was to be established as October 1, 2003.

12. Relying on Shenkel's assurance that he had coverage to transport the Vessel to Florida and operate it in Florida, Ferrone transported the Vessel to a marina in Florida.

13. On December 17, 2003, Shenkel made a second request of Global that the Policy be amended to reflect the change in the Navigational Limits Warranty.

14. Shenkel received no response from Global.

15. On information and belief, Global arranged with Markel to have Markel amend the Navigational Limits Warranty of the Policy, although neither Markel nor Global notified Shenkel of this amendment. In the alternative, Global impliedly granted Shenkel's request to amend the Navigational Limits Warranty of the Policy through Global's failure to respond to Shenkel's repeated requests for this amendment, as requests for amendments of this nature are routinely granted by Global and Markel. In either case, the Navigational Limits Warranty of the

Policy was amended to include the Atlantic Coastal region extending as far South as Key West, Florida.

16. Shenkel did not notify Ferrone that it had not received confirmation of the amendment to the Navigational Limits Warranty of the Policy, leaving Ferrone under the reasonable impression that the matter had been resolved.

17. On April 25, 2004, Ferrone suffered a loss when a fire broke out in the engine compartment of the Vessel.

18. At the time of the loss the Vessel was located "approximately 1 to 2 miles south of Miami Cut in Biscayne Bay on the return trip from Key Largo."

19. The location of the Vessel at the time of the loss was within the amended Navigational Limits Warranty of the Policy, which extends as far South as the waters off of Key West, Florida.

20. At the time of the fire, the first craft to respond to Ferrone's calls for help, a vessel operated by a company known as Vessel Assist, extinguished the flames by pumping sea water into the engine compartments.

21. After the Vessel was towed to shore, Ferrone filed a claim of loss with Markel.

22. At the time of the loss the Vessel and its engine were virtually new, and the engine had a mere forty six (46) hours of usage.

23. Two weeks later, on May 7, 2004, Markel notified Ferrone that it was in receipt of his claim of loss, and informed him that an adjustor would be dispatched to examine the condition of the Vessel.

24. More than two weeks later, on May 24, 2004, Markel's adjustor examined the condition of the Vessel for the first time.

25. From the date of the loss through the date Markel's adjustor arrived to inspect the Vessel, the Vessel was left in its damaged state and no repairs were undertaken so that Markel's adjustor could inspect the Vessel.

26. During the prolonged period of inactivity by Markel, Ferrone's Vessel suffered extensive saltwater corrosion of its engine. On June 11, 2004, Ferrone's counsel notified Markel of the Vessel's condition and further notified Markel that the delay between the date of inspection and the date of the loss was contributing to the salt water corrosion of the engine.

27. Markel's adjustor made a second inspection of the Vessel on June 25, 2004, two months after the date of the loss.

28. Following the June 25th inspection, Markel's appraiser identified "gradual deterioration" of a clamp which secured a coolant hose as the supposed cause of the fire which resulted in the loss.

29. At the conclusion of the second inspection Markel's adjustor, without permission or authority of any kind, removed from the premises at which the Vessel was stored and from Ferrone's possession the clamp which the adjustor asserted was the cause of the fire which resulted in the loss.

30. More than three months following the loss, Markel denied coverage on the grounds that the fire occurred outside of the Navigational Limits Warranty of the Policy and that the cause of loss was attributable to "gradual deterioration of the hose clamp . . . an excluded peril."

31. Each of Markel's stated grounds for denying coverage is baseless.

32. As noted above, the location of Ferrone's loss was within the amended Navigational Limits Warranty of the Policy.

13

33. Also as noted above, some two weeks prior to Markel's appraiser identifying "gradual deterioration" of an engine clamp as the cause of loss, Ferrone through counsel notified Markel that the corrosion of the virtually new engine was due to Markel's delay in inspection.

34. The corrosion of the clamp and other engine parts was not attributable to "gradual" wear and tear, but was caused first by the rescuing craft's decision to flood the engine compartment with seawater at the time of the fire, and further by Markel's inexcusable delinquency in inspecting the damage and commencing repairs.

35. As a result, any corrosion of the engine occurred after the loss as a result of Markel's delay, and is not a justifiable ground for denying coverage.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

36. Ferrone repeats and realleges each and every allegation set forth in Paragraphs 1 through 35 as if set forth fully herein.

37. The Navigational Limits Warranty of Ferrone's Policy was amended by Markel and/or Global to include the Atlantic Coastal region extending as far South as Key West, Florida prior to the time of the loss suffered by Ferrone.

38. At the time of the loss, the Vessel was within the limitations imposed by the amended Navigational Limits Warranty of the Policy.

39. Ferrone's loss was a covered event under the terms of the Policy, and Markel is obligated to pay Ferrone for his loss or fully repair the Vessel.

40. In accordance with the terms of the Policy, and in light of Markel's obligation to provide coverage, Ferrone has made demand upon Markel for payment and/or indemnity for damages sustained by the Vessel.

41. Markel has denied coverage in violation of the terms of the Policy.

42. As a result of the Markel's breach of the provisions set forth in the Policy, Ferrone has been damaged, has suffered actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.

43. Until such time as Ferrone is able to have its rights and responsibilities under the Policy construed by the Court, Ferrone will suffer uncertainty with respect to the responsibilities and obligations of the parties to the Policy.

44. A real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

45. Ferrone repeats and realleges each and every allegation set forth in Paragraphs 1 through 44 as if set forth fully herein.

46. The Policy is a contract.

47. Ferrone and Markel are parties to the Policy.

48. Ferrone's loss was a covered event under the Policy.

49. Markel's failure to pay Ferrone for his loss and/or fully repair the Vessel in accordance with the terms of the Policy constitute a breach of the Policy.

50. Markel's adjustor's removal of the clamp which the adjustor asserted was the cause of the fire which resulted in the loss from the premises at which the Vessel was stored and from Ferrone's possession, without permission or authority of any kind, constitutes a breach of the terms of the Policy.

51. Ferrone has suffered substantial harm as the result of the foregoing breach.

## THIRD CAUSE OF ACTION: VIOLATION OF MASS. GEN. LAWS Ch. 93A § 9

52. Ferrone repeats and realleges each and every allegation set forth in Paragraphs 1 through 51 as if set forth fully herein.

53. Ferrone is a person entitled to relief under the terms of Mass. G.L. ch. 93A, § 9.

54. Markel was engaged in unfair or deceptive practices as described above.

55. The unfair or deceptive trade practices occurred primarily and substantially in Massachusetts.

56. Markel acted willfully in engaging in the foregoing acts and practices.

57. On September 13, 2004, more than thirty days prior to the institution of this claim, Ferrone served a written demand letter upon Markel demanding that it perform its obligations under the terms of the Policy. Markel rejected Ferrone's demand.

58. Ferrone suffered substantial loss of money and other harm as the result of the unfair or deceptive acts or practices.

FOURTH CAUSE OF ACTION: VIOLATION OF MASS. GEN. LAWS Ch. 176D

59. Ferrone repeats and realleges each and every allegation set forth in Paragraphs 1 through 58 as if set forth fully herein.

60. Ferrone is a person entitled to relief under the terms of Mass. G.L. ch. 176D.

61. Markel was an entity engaged in the business of insurance and claims handling and settlement practices with respect to a Massachusetts claim and/or with respect to a risk in Massachusetts within the meaning of Mass. G.L. ch. 93A.

62. Markel engaged in unfair or deceptive practices as described above, including acts which violate, *inter alia*, G.L. ch. 176D § 3(9)(a, b, d, f-g), fair and reasonable industry customs and/or trade practices, and the implied covenant of good faith and fair dealing.

63. The unfair or deceptive trade practices occurred primarily and substantially in

Massachusetts.

64.    Markel acted willfully in engaging in the foregoing acts and practices.

65.    Ferrone suffered substantial loss of money and other harm as the result of the unfair or deceptive acts or practices.

## JURY DEMAND

The Ferrone demands a trial by jury on all claims and issues so triable.

WHEREFORE, Ferrone demands judgment from the Court:

(A)    Declaring that the relationship of insurer and insured does exist between Ferrone and Markel as regards the incident of April 25, 2004.

(B)    Declaring that the Policy affords Hull & Machinery coverage to Ferrone for the incident of April 25, 2004.

(C)    Declaring that Ferrone did not breach the Navigational Limits warranty of the Policy.

(D)    Such damages as the court shall determine together with costs and interest, and attorneys fees.

(E)    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

                               Respectfully submitted,
                               **DEFENDANT,**
                               **RAYMOND FERRONE,**
                               By his attorney,

Paul L. Feldman/BBO #162205
Joshua S. Grossman/BBO #643939
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500

Dated: January 12, 2005



I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL ON 1-12-05

350373v.2