FILED
IN CLERKS OFFICE
2005 FEB -7 P 2:41
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br>　　　　Plaintiff,<br><br>v.<br><br>RAYMOND FERRONE,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　CASE NO. 04-CIV-12144 (GAO)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and pursuant to Rule 12 and Rule 39(a)(2) of the Federal Rules of Civil Procedure, moves this Court for an Order Striking the demand for a jury trial sought by Defendant RAYMOND FERRONE, and in support thereof would respectfully state as follows:

#### STATEMENT OF PERTINENT FACTS

1. The instant litigation was commenced by the Plaintiff's filing of a Complaint for Declaratory Judgment invoking this Court's admiralty jurisdiction in order to resolve a marine insurance coverage dispute. Plaintiff's Complaint for Declaratory Judgment invokes the Court's admiralty jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure, and under 28 U.S.C. sec. 1333. No other basis of jurisdiction is asserted in the Plaintiff's original pleading.

2. As set forth in the said Complaint for Declaratory Judgment, Plaintiff issued a policy of marine insurance which afforded Hull & Machinery coverage in the amount of $105,000.00 on a 2000 37 ft Active Thunder power vessel that was owned by the Defendant. On or about April 25, 2004, a fire broke out aboard the said vessel causing extensive damage to the

582261v1

Hull & Machinery and causing the Defendant to assert a claim against the policy of marine insurance which is the subject of the Complaint for Declaratory Judgment.

3. Plaintiff conducted an investigation into the facts and circumstances pertaining to the aforesaid incident of April 25, 2004 and concluded that there was no coverage for the damage sustained by the vessel, due to certain clear and unambiguous language in the policy and due to Defendant's breach of the Navigational Limits Warranty set forth in the policy of marine insurance.

4. On or about January 19, 2005, the undersigned counsel for the Plaintiff received from counsel for the Defendant an Answer and Counterclaim. In the said responsive pleading, despite the fact that Plaintiff had clearly and unmistakably designated this litigation as an FRCP 9(h) admiralty action, Defendant has included in his Answer and Counterclaim a demand for a trial by jury.

5. Plaintiff ask this Court therefore to strike the Defendant's demand for a jury trial on the basis of the case law cited herein holding that in such an admiralty action it is the Plaintiff's designation that takes priority, notwithstanding anything in the Answer or Counterclaim or some other potential basis for assertion of federal court jurisdiction.

## ARGUMENT

### I.

### PLAINTIFF'S DESIGNATION OF THIS MATTER AS AN FRCP RULE 9(H) ACTION SHOULD PRECLUDE REFERENCE TO A JURY ON ANY ASPECT OF THE CASE

An insurer's complaint seeking a declaratory judgment on a marine insurance policy, asking for the federal court's interpretation of that policy and the rights and responsibilities of the parties thereto, properly invokes federal admiralty jurisdiction. Puritan Ins. Co. v. Eagle S.S. Co., 779 F.2d 866 (2d Cir. 1985). Furthermore, the federal courts of this nation have repeatedly

582261v1

held that the marine insurer's invocation of admiralty jurisdiction under Rule 9 (h) of the Federal Rules of Civil Procedure results in the entire action being subject to non-jury trial by the court, including any counterclaim asserted by the defendant. The existence of some other alleged basis for jurisdiction, asserted by the defendant in the counterclaim, cannot defeat the plaintiff's election under Rule 9 (h) to a complete non-jury adjudication of the entire litigation.

See, Underwriters v. On the Loose Travel, Inc., 1999 A.M.C. 1742 (S.D. Fla. 1999); Albany Insurance Co., v. Ngo Van Nguyen, 1997 A.M.C. 335 (E.D. La. 1996); Albany Insurance Co. v. Jones, 1996 A.M.C. 2456 (D. Alaska 1996); Homestead Insurance Co. v. Woodington Corp., 1993 A.M.C. 1552 (E.D. Va. 1992); Hanjin Shipping Co. v. Jay, 1991 A.M.C. 2596 (C.D. Cal. 1991); Royal Insurance Co. of America v. Hansen, 125 F.R.D. 5 D. Mass. 1988); Reliance Insurance Co. v. McGrath, 671 F. Supp. 669 (N.D. Cal. 1987).

In the case of Matter of Armatur, 710 F. Supp. 404 (D.P.R. 1989), the court ruled on this exact issue, stating emphatically that the plaintiff "rules the roost when it comes to Rule 9 (h) designations."

> ...Rule 9(h) gives to the plaintiff the right to characterize a claim having two possible bases of jurisdiction as either an admiralty claim or an ordinary civil claim. Rule 9(h) "permits a plaintiff whose claim is cognizable under either jurisdiction to identify his claim as an admiralty claim to obtain certain procedural benefits traditionally available under admiralty jurisdiction." Carney v. Bahama Cruise Lines, 864 F.2d 201, 206 (1st Cir. 1988).

Armature, supra, at 405.

Expanding upon these "procedural benefits" inuring to the **plaintiff**, the court examined the precise issue in contention in Plaintiff's instant motion:

> That the choice under Rule 9(h) belongs to the plaintiff is most marked in those cases where a plaintiff has designated his claim as an admiralty claim under Rule 9(h), thereby electing the special admiralty procedures, one of which is a

582261v1

> non-jury trial, and the defendant demands a jury. <u>The plaintiff's Rule 9(h) designation reigns supreme, and will operate to deny the defendant a right to jury trial he might otherwise have had</u>.

Armatur, supra, at 406, n. 4 (emphasis added).

In the case of <u>Clarendon Insurance Co. v. Fernandez</u>, 1999 A.M.C. 2885 (D. P.R. 1999), the insureds also counterclaimed and demanded a jury, and that demand for a jury was stricken.

In the case of <u>Jefferson Insurance Company v. Maine Offshore Boats</u>, 2001 A.M.C. 2171 (D. Maine 2001), the insureds also counterclaimed and demanded a jury, and that demand for a jury was stricken.

There have been recent decisions issued by federal district courts affirming in the strongest language this insistence upon the marine insurance company's right to a full and complete non-jury adjudication of its Rule 9 (h) action for declaratory judgment, even in the event of the assertion of a counterclaim alleging bad faith and asserting that diversity exists as a separate basis for federal jurisdiction.

See, <u>Windsor Mount Joy Mutual Insurance Co. v. Johnson</u>, 2003 A.M.C. 2174, 264 F.Supp.2d 158 (D. N.J. 2003); <u>Reliance National Insurance Company Europe Ltd. v. Hanover</u>, 2003 A.M.C. 715 (D. Mass. 2003)

In the case of <u>Reliance National Insurance Company Europe Ltd. v. Hanover</u>, supra, this very same Court was presented with and quickly and easily dispose of a demand for a jury trial precisely insurance in this variety action, involving a marine of same company's Complaint the for Declaratory Judgment and insured's assertion of a Counterclaim. Judge Stearns stated in a footnote:

> 2. The court had earlier struck defendant's claim to a jury trial, a decision reaffirmed In a ruling on August 14, 2002. The court reasoned while a jury right can co-exist with an

582261v1

admiralty claim where the parties' claims are sufficiently distinct so as to permit each to prevail without compromising the other's right to recovery, that was not the case here where the competing claims virtually mirror one another.

Reliance National Insurance Company (Europe) Ltd. v. Hanover, supra, at n. 2, p. 715.

Just as in the Hanover case, in the instant matter the issues asserted in the insured's Counterclaim are nothing more than contentions regarding breach of contract and the manner in was which the Plaintiff handled and denied the claim after it was submitted for review and investigation. Defendant cannot prevail upon any aspect of his Counterclaim unless Plaintiff fails on its demands for a declaratory judgment of no coverage under its policy of marine insurance. There can be no disentangling these matters such that the danger of inconsistent outcomes can be avoided, and under the apposite caselaw presented herein the demand for a jury by the Defendant must be stricken.

WHEREFORE, Plaintiff prays that the Court will enter its Order denying Defendant's demand for a jury, and setting this case for a non-jury trial, along with all such other and further relief as the Court may deem proper in the premises.

Dated: January     , 2005
Providence, Rhode Island

                                              MARKEL AMERICAN INSURANCE
                                              COMPANY
                                              By its Attorneys

                                              Lauren Motola-Davis, #638561
                                              Michael T. Farley, #640593
                                              MORRISON MAHONEY LLP
                                              121 South Main Street, Suite 600
                                              Providence, RI 02903-7141
                                              (401) 331-4660     Fax (401) 621-4660

582261v1

## CERTIFICATION

    I hereby certify that on this _____31_____ day of January, 2005, a copy of the foregoing was mailed postage paid, to:

Joshua S. Grossman, Esquire
Davis Malm & Dagostine PC
1 Boston Place
Boston, MA 02108

582261v1