UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br>    *Plaintiff*<br><br>v.<br><br>RAYMOND FERRONE,<br>    *Defendant.* | C.A. NO. 04-12144 GAO |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF <u>ASSENTED-TO</u> MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

The Defendant Raymond Ferrone ("Ferrone") submits this memorandum in support of his <u>Assented-To</u> Motion For Leave To File Third-Party Complaint pursuant to Fed. R. Civ. P. 14 (c). These proceedings involve a series of claims relating to a coverage dispute concerning a certain marine insurance policy (the "Policy") and a loss suffered by Ferrone, the insured. At the heart of this dispute is the validity of the defenses asserted by Plaintiff Markel American Insurance Company, the insurer, that the loss was subject to one of two coverage exclusions prescribed by the Policy. One of Markel's principal basis for a declaration of no coverage is that the loss occurred outside of the bounds of a navigational limitation to the Policy. The proposed Third-Party Complaint, a form of which is attached hereto as <u>Exhibit A</u>, sets forth a single claim against Ferrone's insurance agent for the Policy, Shenkel Insurance Agency, Inc. ("Shenkel"), on grounds that Shenkel's negligence in handling Ferrone's request to amend a navigational limitation of the Policy, which amendment was to include the geographic area in which the loss occurred, has damaged Ferrone by jeopardizing his coverage and forcing him to litigate the question of coverage with Markel. Because the proposed Third-Party Complaint relates to a the

same transaction and occurrence that is at issue in the present action, and because no party would be prejudiced by the addition of Ferrone's third-party claim against Shenkel at this early juncture, Ferrone asks that the Court grant its Motion For Leave To File Third-Party Complaint.

## BACKGROUND

As is set forth more fully in the proposed Third-Party Complaint, Shenkel, a Massachusetts corporation with a principal place of business in Canton Massachusetts, acted as Ferrone's insurance agent in the procurement of the Policy and at all times thereafter, including the time that Ferrone suffered the loss that is the subject of the present litigation. Third-Party Complaint ¶¶ 2, 7. The Policy insured Ferrone's newly purchased 2000 37' Active Thunder water craft power boat (the "Boat"). Id. ¶ 7. The original navigational limitation of the Policy included the United States coastal waters of the Atlantic Ocean not more than 25 miles off the coast between Eastport, Maine and Block Island, Rhode Island. Id. ¶ 17. On or about October 1, 2003, Ferrone notified Shenkel that he intended to transport the Boat to Florida for the winter, and asked that Shenkel coordinate with Markel and/or its agent, Global Marine Insurance Agency ("Global"), to obtain an amendment to the navigational limitation of the Policy that would permit him to transport the Boat to Florida and operate it in that area. Id. ¶¶ 18-20.

Shenkel undertook to obtain the necessary policy amendment on Ferrone's behalf, and through an agent informed Ferrone that he could safely transport the Boat to Florida and begin operating it there. Id. ¶¶ 21-23. Shenkel informed Ferrone that these types of amendments to navigational limitations on marine policies were routinely granted by insurers. Id. ¶ 22. Relying on Shenkel's assurances, Ferrone transported the Boat to Florida on or about October of 2003. Id. ¶ 24. Further relying on Shenkel's assurances, and having never been notified to the contrary by Shenkel, Ferrone eventually began to operate the Boat off the coast of Florida, outside of the original navigational limitations of the Policy. Id. ¶¶ 24, 33.

2

Pleading the following allegations in the alternative to certain of his allegations set forth in the Answer and Counterclaim, and reserving all rights thereto, Ferrone alleges in the Third-Party Complaint that Shenkel, in fact, failed to obtain the amendment to the navigational limitations of the Policy. Id. ¶¶ 25-32. While Shenkel may or may not have requested the amendment from Markel and/or Global, Shenkel failed to secure the necessary amendment and, moreover, did not inform Ferrone of this failure. Id. In so doing, Shenkel permitted Ferrone to operate his Boat outside of the navigation limits of the Policy under the misapprehension that the Policy provided coverage for such conduct. Id.

On April 25, 2004, Ferrone suffered a loss to the Boat when a fire broke out in its engine compartment (the "Incident"). Id. ¶ 34. The Incident occurred squarely within the area which would have been covered by the requested amendment to the navigational limitation of the Policy, which was to extend as far South as the waters off of Key West, Florida. Id. ¶¶ 35-36. Markel denied Ferrone's claim for coverage under the Policy in part due to the fact that the Incident was beyond the navigational limits of the Policy, and eventually initiated the instant action seeking a declaratory judgment of no coverage under the Policy. Id. ¶ 38.

## DISCUSSION

Ferrone should be permitted to maintain his third-party action against his insurance agent Shenkel because, if proven, it will establish Shenkel's liability to Ferrone for any damages Ferrone may suffer due to a loss of coverage under the terms of the Policy, as well as attorneys' fees and expenses incurred as a result of being forced to litigate the question of coverage with Markel. Federal Rule of Civil Procedure 14 (c) provides in pertinent part:

> [w]hen a plaintiff asserts an admiralty or maritime claim . . . the defendant . . ., as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution,

>or otherwise on account of the same transaction, occurrence, or
>series of transactions or occurrences.

The core purpose of Rule 14 is "avoiding unnecessary duplication and circuity of action." Lehman v. Revolution Portfolio, LLC, 166 F.3d 389, 394-95 (1st Cir. 1999) (applying Rule 14(a)). A third-party action should be permitted to proceed " as long as [it] falls within the general contours limned by Rule 14[c], does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice . . . ." Id.

The claim Ferrone seeks to assert against Shenkel relates to the same transaction or occurrence at issue in the principal suit, namely, whether Shenkel, as agent for Ferrone, took the steps necessary to procure from Markel an amendment to the navigational limitation of the Policy so as to expand its coverage to include the geographic area in which Ferrone eventually suffered his loss. If Shenkel indeed obtained this amendment, Markel's claim for a declaration of no coverage, on grounds that no such amendment was granted and that the Incident occurred beyond the navigational scope of the Policy, would lack merit. On the other hand, if it is proven that Shenkel failed to obtain the amendment and failed to notify Ferrone of the same, in breach of his duty of care to Ferrone, Ferrone would be entitled to recover from Shenkel on grounds that its negligent handling of his request for the navigational amendment directly and proximately resulted in Ferrone's operation of the Boat without coverage. In each case, Shenkel's conduct concerning the requested amendment is pivotal.

No party would be prejudiced by Ferrone's maintenance of his third-party claim against Shenkel, as discovery has not yet commenced in earnest and the parties have not yet appeared for the initial scheduling conference. Litigating the proposed third-party claim alongside the related claims in this proceeding will promote the efficient administration of justice and preserve judicial resources by preventing the duplicative litigation of identical issues.

4

## CONCLUSION

For the foregoing reasons, Ferrone asks that the Court ALLOW his <u>Assented-To</u> Motion For Leave To File Third-Party Complaint.

                        Respectfully submitted,
                        **DEFENDANT,**
                        **RAYMOND FERRONE,**
                        By his attorneys,

                        Paul L. Feldman/BBO #162205
                        Joshua S. Grossman/BBO #643939
                        Davis, Malm & D'Agostine, P.C.
                        One Boston Place
                        Boston, MA 02108
                        (617) 367-2500

Dated: June 1, 2005

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL ON 6-1-05

369028v.1