UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br>           Plaintiff<br><br>vs.<br><br>RAYMOND FERRONE,<br>           Defendant and Third Party Plaintiff<br>vs.<br><br>SHENKEL INSURANCE AGENCY, INC.,<br>           Third Party Defendant | CIVIL ACTION<br>NO. 04-CV-12144-GAO |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER AND COUNTERCLAIM OF THE THIRD PARTY DEFENDANT SHENKEL INSURANCE AGENCY, INC.

#### Parties

1.   Upon information and belief, these allegations are admitted.

2.   Admit.

#### Jurisdiction and Venue

3.   Admit.

4.   Admit.

5.   Admit.

6.   The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

#### Factual Allegations

7.   The Third Party Defendant admits that it secured insurance for the subject boat, but as to the remaining allegations, the Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

8.   The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

9. The Third Party Defendant denies that it advised Third Party Plaintiff or had any extraordinary expertise as alleged, but as to the remaining allegations admits that it procured insurance policies.

10. Deny.

11. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

12. Admit.

13. Admit.

14. Admit.

15. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

16. Deny.

17. Admit.

18. The Third Party Defendant admits that it was notified of the transport, but as to the remaining allegations, the Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

19. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

20. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

21. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

22. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

23. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

24. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

25. Deny.

26. Deny.

27. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

28. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

29. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

30. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

31. Deny.

32. Deny.

33. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

34. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

35. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

36. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

37. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

38. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

39. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

40. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

41. Deny.

42. Deny.

43. Deny.

## COUNT ONE

### (Negligence)

44. The Third Party Defendant reaffirms its answers to paragraphs 1-43 and incorporates them herein by reference as if fully set forth.

45. The Third Party Defendant does not have sufficient knowledge to form a belief as to the truth of these allegations and calls upon the Third Party Plaintiff to prove same.

46. Deny.

47. Deny.

48. Deny.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Third Party Defendant states that the injuries or damage alleged were caused in whole or in part by the Plaintiff's own negligence.

### SECOND DEFENSE

The Third Party Defendant denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

### THIRD DEFENSE

The Third Party Defendant, states that the Third Party Plaintiff may not recover against this Third Party Defendant because any damages were not due to any act or failure to act of this Third Party Defendant, but were caused solely by the acts of a third-party or parties for whom this Third Party Defendant is not responsible.

### FOURTH DEFENSE

The Third Party Defendant states that the injuries and damage complained of were caused in whole or in part by the negligence of the Plaintiff or its servants or agents, such that they are guilty of contributory negligence.

### FIFTH DEFENSE

The Third Party Defendant states that if the Third Party Plaintiff proves that they were injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for which the Third Party Defendant is not liable.

### SIXTH DEFENSE

The Third Party Defendant hereby puts the Third Party Plaintiff on notice that they intend to rely upon such further defenses as are developed during discovery and reserve their right to amend this Answer accordingly.

### DIRECT CLAIM UNDER F.R.C.P 14

### SHENKEL INSURANCE AGENCY, INC. v. MARKEL AMERICAN INSURANCE COMPANY

### COUNT ONE – REFORMATION

1.      That a so called High Performance Watercraft policy ("the policy") issued to Raymond Ferrone, the Defendant herein, underwritten by Markel American Insurance Company ("Markel"), the Plaintiff herein, insuring a 2000 Active Thunder watercraft, with effective dates of June 20, 2003 to June 20, 2004.

2.      The policy was ordered by Shenkel Insurance Agency, Inc. ("Shenkel") though Markel's duly appointed agency, Global marine Insurance Agency ("GMIA").

3.      That the Navigational Limitation on the policy was between Eastport, ME and Block Island, RI.

4.     That on or about October 3, 2003, Shenkel notified Markel through its agent, of a change in the resident status of the watercraft and requested that the Navigational Limitation be amended to the Atlantic Coast to Key West.

5.     Shenkel understood that receipt by GMIA was receipt by Markel and that Markel routinely allowed Navigational Limitations from Georgia to the Florida Coast, and that the amendment of the Navigational Limitation was pro forma.

6.     Shenkel reiterated its request on behalf of Raymond Ferrone on or about December 17, 2003 by facsimile request to GMIA.

7.     GMIA received requests for a change of Navigational Limitations on October 3, 2003 and December 17, 2003.

8.     If it is determined that GMIA received the requests and that Markel would have accepted the amendment of the Navigational Limitation, then the policy must be reformed as agreed between the Shenkel and Markel's agent, GMIA.

9.     Markel's policy, as reformed, applies to the loss of April 25, 2004 as alleged in the Plaintiff's Complaint.

**WHEREFORE,** the Third Party Defendant, Shenkel Insurance Agency, Inc., demands that the policy as alleged in Plaintiff's Complaint, and as issued by Markel American Insurance Company, its subsidiaries or predecessors in interest, be reformed to provide coverage that was agreed upon between Shenkel and Markel's agent, Global Marine Insurance Agency.

SHENKEL INSURANCE AGENCY, INC.,
Third Party Defendant

By Its Attorney:

_____
Richard E. Heifetz          BBO #229000
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696          FAX 617-227-9191
Dated:     September 16, 2005

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.