UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

MARKEL AMERICAN INSURANCE COMPANY,

    Plaintiff,

vs.

CIVIL ACTION
NO. 04-CV-12144-GAO

RAYMOND FERRONE,

    Defendant/Third Party Plaintiff

vs.

SHENKEL INSURANCE AGENCY, INC.

    Third Party Defendant.

_____/

LOCAL RULE 16.1 JOINT STATEMENT
FOR SCHEDULING CONFERENCE

Pursuant to Local Rule 16.1(D) of the United States District Court for the District of Massachusetts, counsel for the Plaintiff MARKEL AMERICAN INSURANCE COMPANY, for Defendant/Third Part Plaintiff RAYMOND FERRONE and Third Party Defendant SHENKEL INSURANCE AGENCY, INC., hereby submit the following Joint Statement for the Status Conference scheduled to be held on December 8, 2005.

STATEMENT OF THE CASE

This action concerns the issue of whether a policy of marine insurance issued by the Plaintiff MARKEL to the Defendant FERRONE affords coverage for damages sustained as a result of a fire aboard the vessel referenced in the Complaint for Declaratory Judgment.

The said vessel was damaged in a fire that took place on or about April 25, 2004, while the insured vessel was in the waters of Biscayne Bay, off of Miami, Florida. After the fire, the Defendant presented a claim for the damage, which in turn caused the Plaintiff to initiate an investigation.

Based upon its investigation, Plaintiff denied the claim on the basis of breach of the policy's Navigational Limits Warranty, stating that neither MARKEL nor its managing agent had ever received any request for an enlargement of the policy's Navigational Limits Warranty. Plaintiff therefore denies ever having agreed to issue a policy of marine insurance with expanded navigational limits. Plaintiff also contends that coverage for the loss is excluded under a provision in the policy which excludes coverage for damage caused by ear and tear, gradual deterioration, etc.

Defendant contends that that the incident of April 25, 2004 was not caused by wear and tear and/or gradual deterioration, and that Defendant's loss was a covered event under the policy.

With respect to the Navigational Limits Warranty, Defendant contends that it was amended by Markel and/or Markel's managing agent Global to include the area in which the loss occurred, and that Defendant's loss was a covered event under the policy. The amendment to the Navigational Limits Warranty was obtained at the request of the Third Party Defendant Shenkel. In the alternative, Defendant states that Markel and/or Global impliedly granted Shenkel's request to amend the Navigational Limits Warranty of the Policy through Global's failure to respond to Shenkel's repeated requests for this amendment, as requests for amendments of this nature are routinely granted by Global and Markel. In either

case, the Navigational Limits Warranty of the Policy was amended to include the Atlantic Coastal region extending as far South as Key West, Florida.

In the alternative, Defendant contends that his broker, the Third Party Defendant Shenkel, was negligent in having failed to obtain the coverage that he sought.

Third Party Defendant claims that it notified the Plaintiff's managing general agent ("MGA") of the change in navigational limitation; that the Plaintiff failed to make the change; that notice to the MGA was notice to the Plaintiff; that Plaintiff had in the past made such a change and would have done so; and that the policy should be reformed upon a finding that the MGA had actual notice. Third Party Defendant further claims there are issues concerning the damage to the Defendant's vessel and the Defendant's failure to mitigate.

## PROPOSED SCHEDULE

1. No automatic discovery per the terms of Fed. R. Civ. P. 26 was required by the Court. However, the parties will make initial disclosures per the terms of Fed. R. Civ. P. 26(a)(1).

2. Plaintiff has already propounded interrogatories and a Request for Production of Documents to the Defendant.

3. Plaintiff will propound interrogatories and a Request for Production of Documents to the Third Party Defendant on or before January 2, 2006.

4. Defendant will propound interrogatories and a Request for Production of Documents on or before February 15, 2006.

5. Third Party Defendant will propound interrogatories and a Request for Production of Documents on or before February 15, 2006.

6. Discovery will be completed by August 31 2006.

7 Dispositive motions will be filed by November 30, 2006.

8 A Pre-Trial Conference should be scheduled after the submission of dispositive motions.

## MAGISTRATE

The parties reserve their rights as to the question of whether this matter will be heard by a United States Magistrate Judge.

## CERTIFICATION

The undersigned counsel affirm that they have conferred with a view toward establishing a budget for the conducting the full course and various alternative courses of this litigation, and also to consider the resolution of the litigation through the use of alternative dispute resolution as set forth in Local Rule 16.4.

Respectfully submitted,

MORRISON MAHONEY LLP
Attorneys for Plaintiff
One Providence Washington Plaza, 6th Floor
Providence, RI 02903-7141
(401) 331-4660

_____
Lauren Motola-Davis, #638561
Michael T. Farley #640593

                    DAVIS MALM & D'AGOSTINE P.C.
Attorneys for Defendant/Third Party Plaintiff
One Boston Place
Boston, MA 02108
(617) 367-2500

*/s/ Josh Grossman*

Paul L. Feldman/BBO #162205
Joshua S. Grossman/BBO #643939
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108
(617) 367-2500

TUCKER, HEIFETZ & SALTZMAN, LLP
Attorneys for Third Party Defendant
Three School Street
Boston, MA 02108
(617) 557-9696

*/s/ Richard Heifetz*

Richard E. Heifetz, #229000

Dated: December    , 2005

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on ECF  12/6/05.